UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Old Republic National
Title Insurance Company

        v.                              Civil No. 10-cv-447-JD

John A. Boender, et al.


O R D E R


        Old Republic National Title Insurance Company ("Old
Republic") brought a declaratory judgment action against John A.
Boender, Stephen O. Simons, and S. O. Simons, Inc. ("Boender and
Simons"), seeking a ruling that Old Republic has no liability to
Boender and Simons under five title insurance policies.  Boender
and Simons move to stay the case in favor of pending arbitration.
Old Republic failed to respond to the motion, despite requesting
and being granted an extension of time to do so.[1]

        In support of their motion, Boender and Simons represent
that the parties were arranging for arbitration of their coverage
dispute when Old Republic rejected arbitration and filed this
action.  Boender and Simons note that they asserted their right

_____

        [1]Old Republic's response was due on October 17, but the
deadline was extended to October 24, as requested by Old
Republic.  On October 26, 2011, Old Republic moved to extend the
deadline to respond to the motion to stay to December 23, 2011.
That motion was also granted.  Old Republic failed to file its
response by December 23, 2011.

to arbitration in their answer.  They now ask the court to stay the action pending arbitration.

Based on Boender and Simons's motion and supporting papers, no arbitration is currently pending.  To the extent Boender and Simons intended to move for an order compelling arbitration, they failed to include that request in the motion.[2]  In the absence of a pending arbitration proceeding, Boender and Simons lack a basis for their motion to stay.

## Conclusion

For the foregoing reasons, the defendants' motion to stay (document no. 25) is denied without prejudice to file an appropriate motion to compel arbitration and for a stay.


SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

January 3, 2012

cc:  Michael J. Lambert, Esquire
     Thomas M. Looney, Esquire
     Alec L. McEachern, Esquire
     Deborah Ann Notinger, Esquire
     Gregory T. Uliasz, Esquire

---

[2]An answer is a response to the complaint, not a motion for an order from the court.  See Fed. R. Civ. P. 8(b) and 7(b).

2